UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELLY LEWIS BRYANT,

                Petitioner,

                                       CASE NO. 04-CV-72279-DT

v.                                     HONORABLE PAUL D. BORMAN

DOUGLAS VASBINDER,

                Respondent.

_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.**      **Introduction**

Petitioner Shelly Lewis Bryant, a state prisoner presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner pleaded guilty to felon in possession of a firearm ("felon in possession") and possession of a firearm during the commission of a felony ("felony firearm") in the Wayne County Circuit Court in 2002. He was sentenced to consecutive terms of two to five years imprisonment and two years imprisonment on those convictions.

Petitioner's sole claim on habeas review is that his convictions for felon in possession and felony firearm violate state and federal protections against double jeopardy. For the reasons stated below, the Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

_____

[1]At the time he instituted this action, Petitioner was confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan where Respondent, Douglas Vasbinder, was the warden.

1

## II.      Facts and Procedural History

On September 18, 2002, Petitioner pleaded guilty to felon in possession of a firearm and felony firearm pursuant to a plea bargain and sentencing agreement.  In exchange for the plea, the prosecution agreed to dismiss charges of carrying a concealed weapon and fourth habitual offender.  In according with the sentencing agreement, Petitioner was sentenced to two to five years imprisonment on the felon in possession conviction and a consecutive term of two years imprisonment on the felony firearm conviction.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting the same double jeopardy claim contained in the current petition.  The Michigan Court of Appeals denied the application for lack of merit in the grounds presented.  *People v. Bryant*, No. 251211 (Mich. Ct. App. Oct. 20, 2003) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied because the court was not persuaded that the questions presented should be reviewed. *People v. Bryant*, 469 Mich. 1028, 679 N.W.2d 59 (2004).

Petitioner thereafter filed the present petition for writ of habeas corpus asserting that his convictions for both felon in possession and felony firearm violate state and federal protections against double jeopardy.  Respondent has filed an answer to the petition contending that it should be denied for lack of merit.  Petitioner has filed a reply to that answer.

## III.     Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336

(1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable
>        application of, clearly established Federal law, as determined by the
>        Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination
>        of the facts in light of the evidence presented in the State court
>        proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether

3

the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV.    Analysis

Petitioner asserts that he is entitled to habeas relief because his convictions for felon in possession and felony firearm violate state and federal protections against double jeopardy. The Michigan Court of Appeals denied Petitioner's application for leave to appeal regarding this issue for lack of merit, but did not specifically address this issue. Accordingly, this Court must conduct an independent review of the state court's decision. *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination

4

of the facts in light of the evidence presented." *Id.* This independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

As an initial matter, the Court notes that Petitioner is not entitled to federal habeas relief on a claim that his convictions violate the Double Jeopardy Clause of the Michigan Constitution. In reviewing a habeas corpus petition, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Further, the Michigan courts have concluded that convictions for felon in possession and felony firearm arising out of the same incident do not violate the Double Jeopardy Clause of the Michigan Constitution. *See People v. Calloway*, 469 Mich. 448, 449-50, 671 N.W.2d 733 (2003); *People v. Dillard*, 246 Mich. App. 163, 167-68, 631 N.W.2d 755, 758 (2001) (per curiam). Such determinations are entitled to deference on habeas review as state courts are the final arbiters of state law. *See Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). The Court will therefore proceed to the federal issue.

The Fifth Amendment to the United States Constitution commands that no "person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause, which is applicable to the states through the Due Process Clause of the Fourteenth Amendment, *see Benton v. Maryland*, 395 U.S. 784, 794 (1969), provides three basic protections: "[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted). "These protections stem from the underlying premise

5

that a defendant should not be twice tried or punished for the same offense." *Shiro v. Farley*, 510 U.S. 222, 229 (1994) (citing *United States v. Wilson*, 420 U.S. 332, 339 (1975)).

However, in the context of multiple punishments, the Double Jeopardy Clause does not prohibit a state from defining one act of conduct to constitute two separate criminal offenses. As the Supreme Court has explained, "[b]ecause the substantive power to prescribe crimes and determine punishments is vested with the legislature . . ., the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). Thus, "even if the two statutes proscribe the same conduct, the Double Jeopardy Clause does not prevent the imposition of cumulative punishments if the state legislature clearly intends to impose them." *Brimmage v. Sumner*, 793 F.2d 1014, 1015 (9th Cir. 1986). When "a legislature specifically authorizes cumulative punishments under two statutes, . . . a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983). In determining whether the Michigan legislature intended to authorize separate, cumulative punishments in the circumstances present here, the Court "must accept the state court's interpretation of the legislative intent for the imposition of multiple punishments[.]" *Brimmage*, 793 F.2d at 1015; *see also Hunter*, 459 U.S. at 368.

The statute at issue here is the felony firearm statute, which provides:

A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223 [unlawful sale of a firearm], section 227 [carrying a concealed weapon], 227a [unlawful possession of a firearm by a licensee] or 230 [alternation of identifying marks on a firearm], is guilty of a felony, and shall be imprisoned for 2 years.

MICH. COMP. LAWS § 750.227b(1). The Michigan Supreme Court, in light of the language of

6

this section and the legislative history, has concluded that "the Legislature's intent in drafting the felony-firearm statute was to provide for an additional felony charge and sentence whenever a person possessing a firearm committed a felony other than those four explicitly enumerated in the felony-firearm statute." *People v. Mitchell*, 456 Mich. 693, 698, 575 N.W.2d 283 (1998). In *People v. Calloway, supra*, 469 Mich. at 452, the Michigan Supreme Court followed *Mitchell* and specifically ruled that "[b]ecause the felon in possession charge is not one of the felony exceptions in the statute, it is clear that defendant could constitutionally be given cumulative punishments when charged and convicted of both felon in possession, MCL § 750.224f, and felony-firearm, MCL § 750.227b."

In light of the foregoing cases, the Michigan Court of Appeals' denial of relief in this case is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law. Whether punishments imposed are constitutional is essentially a question of legislative intent, and a state court's determination that a state legislature intended multiple punishments is binding on habeas corpus review. *See Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989). The Michigan Supreme Court has concluded that convictions for both being a felon in possession of a firearm and possessing a firearm during the commission of a felony do not violate double jeopardy. Because this determination is binding on federal habeas review, Petitioner's double jeopardy claim lacks merit. *See Rodgers v. Bock*, 49 Fed. Appx. 596, 597 (6th Cir. 2002).

Further, even if this Court were free, as it is not, to independently determine whether the Michigan legislature intended to authorize separate punishments in the circumstances present here, the result would be the same. As noted above, the felony firearm statute, in plain language, states that it applies to all underlying felonies, with the exception of four explicitly

7

delineated felonies.  It is a well-established canon of statutory construction that the mention of some implies the exclusion of others not mentioned – *expressio unius est exclusio alterius*.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167 (1993).  Because the felon in possession charge is not one of the four explicitly enumerated exceptions to the felony-firearm statute, it is presumed that the Michigan legislature intended to impose multiple punishments in this context.  Accordingly, the Court concludes that the Michigan legislature intended to impose multiple punishments in the circumstances present here such that Petitioner's convictions do not violate state or federal double jeopardy protections.  Habeas relief is not warranted.

## V.  Conclusion

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold

inquiry into the underlying merit of the petitioner's claims.  *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484-85.

For the reasons stated *supra*, this Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims.  No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 11, 2005

CERTIFICATE OF SERVICE
Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 11, 2005.


s/Jonie Parker
Case Manager

9